## STATE of Vermont v. Jared Eden BAILEY

[682 A.2d 387]

No. 96-300

June 27, 1996. Defendant appeals from the district court's denial of assignment of counsel. He argues that the court erred by considering the income of his father, with whom he lives, to find that defendant is not a financially needy person. We agree. The public defender statute sets forth a two-step procedure for assignment of counsel. First, a person has a right to assignment of counsel if the person is needy. 13 V.S.A. § 5234(a)(1). To determine whether a person is needy, "the court may consider such factors as income, property owned, outstanding obligations, and the number and ages of dependents." 13 V.S.A. § 5236(b). If the person is eligible for assigned counsel, then the statute sets forth the second step for co-payment and reimbursement. See 13 V.S.A. § 5238. In determining the co-payment and reimbursement amounts, the court shall consider "the income of the person and cohabitating family members." 13 V.S.A. § 5238(b).

Here, the court erred by considering the income of defendant's father in the first step of the procedure to determine whether defendant is needy. Cohabitant income is relevant only in determining co-payment and reimbursement.

*Reversed and remanded.*

## In re B.B., Juvenile

[682 A.2d 954]

No. 96-301

June 27, 1996. Mother appeals from an order of the family court, which requires her to reimburse the State in the amount of $339 for assigned counsel to represent her child who is an adverse party in this juvenile proceeding. She argues that reimbursement by her, the adverse party, creates a conflict of interest for the attorney representing the child. We disagree. Because counsel is assigned by the court and reimbursement is made to the State, we conclude that there is no potential for a conflict of interest arising from the reimbursement requirement.

*Affirmed.*